STATE OF MONTANA,
  Plaintiff,                                 No.  ADC-99-177
vs.                                          Decision
DENNIS O. ECCLESTON,
  Defendant.


On November 10, 1999, the defendant was sentenced to the following: Count I: thirteen (13) month commitment to the Department of Corrections, followed by three (3) years probation; Count II: six (6) months in the Lewis and Clark County Jail, with all of that time suspended; and Count IV: six (6) months in the Lewis and Clark County Jail, with all of that time suspended. These sentences shall run concurrently with each other.

On March 2, 2000, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was not present, but was represented by Randi Hood. The state was not represented.

Before hearing the application, Ms. Hood was advised that the Sentence Review Division has the authority not only to reduce this sentence or affirm it, but also increase it. Ms. Hood was further advised that there is no appeal from a decision of the Sentence Review Division. Ms. Hood acknowledged that she understood this and stated that she wished to proceed on behalf of the defendant.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§45-18-904(3), MCA) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed. However, the Board recommends two additional conditions: 1) that the defendant be actively considered by the Department of Corrections for placement in the Connections Corrections Program in Butte, Montana; and 2) if the defendant plans on obtaining his driver's license while on probation, he will have to provide adequate proof that he has installed the Ignition Interlock Device on his vehicle, prior to receiving his license.

Done in open Court this 2nd day of March, 2000.

DATED this 28th day of March, 2000.

Chairman, Hon. Jeffrey H. Langton, Member, Hon. Marge Johnson, Member, Hon. David Cybulski.